**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDUARDO ANTONIO LARA-FLORES,

Defendant - Appellant.

No. 11-10102

D.C. No. 2:10-cr-00232-GMN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Eduardo Lara-Flores appeals from the 24-month sentence imposed following

his guilty-plea conviction for being a deported alien found unlawfully in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Lara-Flores contends that the district court erred because it failed to address his mitigating argument with respect to his cultural assimilation. The district court did not procedurally err, as the record reflects that it considered Lara-Flores' arguments in this regard, but found the circumstances insufficient to justify a downward departure from the applicable Guidelines range. *See* U.S.S.G. § 2L1.2, cmt. n.8; *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Lara-Flores also contends that the sentence imposed was greater than necessary because it did not account for the relatively minor nature of the two aggravated felonies used to enhance his base offense level, and failed to properly consider his history and characteristics. The record reflects that the district court considered the 18 U.S.C. § 3553(a) sentencing factors before determining that a sentence at the bottom of the Guidelines range was appropriate under the circumstances. The sentence is substantively reasonable under the totality of the circumstances and in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**